**Adolph Joseph OLINDE and Ramon Zatrain Vasquez, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 25058, 25059.**

United States Court of Appeals, Ninth Circuit.

Feb. 25, 1970.

Certiorari Denied May 18, 1970.

See 90 S.Ct. 1716.

James F. Hewitt (argued), William Osterhoudt, LeRue Grim (argued), San Francisco, Cal., for appellants.

Jerrold Ladar (argued), John G. Milano, Asst. U. S. Attys., James L. Browning, U. S. Atty., San Francisco, Cal., for appellee.

Before BARNES, MERRILL and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Appellants were indicted and prosecuted jointly for violations of 21 U.S.C. § 174. Count One of the indictment charged appellant Olinde alone. Counts Two and Three of the indictment charged appellant Vasquez alone. Count Four of the indictment charged both appellants. Appellant Olinde was acquitted as to Count One and convicted as to Count Four. Appellant Vasquez was convicted as to Counts Two, Three and Four.

On appeal both appellants argue that the presumption contained in § 174 is violative of the Due Process Clause of the Fifth Amendment, and that the portion of that section allowing adverse inferences to be drawn unless the defendant comes forward and explains his possession to the satisfaction of the jury is violative of the Fifth Amendment right against compulsory self-incrimination. Both of these arguments were rejected by the Supreme Court in Turner v. United States (January 20, 1970) 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610. Appellant Vasquez's further argument, that the presumption in § 174 deprives an accused of the right to trial by jury, must also be rejected in the light of the Turner decision.

Appellant Olinde also argues that the trial court's instructions on the presumption of knowledge of importation were in conflict with the basic instructions concerning burden of proof in criminal cases, and appeared to require the appellant to satisfy the jury, rather than merely create a reasonable doubt. A review of the record indicates that the trial court properly instructed the jury as to the general presumption of innocence and the accompanying burden of proof on the government.

As to the statutory presumptions, the court instructed that there must have been proved a "knowing" possession of heroin before there could be a conviction. Appellant argues that there was no direct proof that he knew the substance was heroin. We note that the jury acquitted him of Count 1, but convicted him of Count 4, an offense occurring at a later date. The jury could easily have found from all the facts in the record that although there may have been some doubt as to appellant's knowledge at the time of the happenings alleged in Count 1, by the time of the occurrence of Count 4, he must have known the character of the substance he was involved with. In view of the court's instruction as to the necessity for a "knowing" possession and all the facts in the record, we find the argument without merit.

No objection was made in the court below to the court's instruction on entrapment. Here appellant Vasquez contends that the instruction improperly allocated the burden of proof to the accused. Failure to comply with Rule 30, Fed.R.Crim.P., obviates the necessity to consider this assignment of error.

We have however considered the assignment and find it to be without merit. Appellant cites Notaro v. United States, 9 Cir., 363 F.2d 169 (1966). A reading of the *Notaro* case shows that two paragraphs of the court's instructions were in issue. As to the first paragraph, which is substantially similar to the entrapment instruction complained of in this case, the Notaro court found that it "properly casts the burden of proof." It was only as to the second paragraph, which is not duplicated in this case, that the court found the lack of a "guiding standard."

Affirmed.